Mr. Justice McWilliams
delivered the opinion of the Court.
This is a tax case and relates to a protest by Montgomery Ward of the assessment of its merchandise inventory and its furniture and fixtures as made by the county assessor of El Paso County in 1964. Having exhausted all of its administrative remedies — and to no avail — Montgomery Ward thereafter brought an appropriate action in the district court of El Paso County wherein it prayed that the aforementioned assessment be declared void and improper.
Upon trial the matter was submitted to the trial court on an agreed statement of facts. The trial court upheld the assessment as thus made by the county assessor and decreed that the assessment in 1964 on the inventory, furniture and fixtures of Montgomery Ward was in all respects lawful. It is this judgment which Montgomery Ward now seeks to reverse.
The agreed statement of facts disclosed the following:
1. For several years prior to March 17, 1964, Mont *589 gomery Ward operated a mail order catalogue business at 10 East Pikes Peak Avenue in Colorado Springs, and for several years prior to that date the county assessor of El Paso County had assessed Montgomery Ward in an amount of $2,000 for its merchandise and in an amount of $1,700 for its furniture and fixtures;
2. On March 17, 1964, Montgomery Ward closed its mail order catalogue business and on March 18, 1964, it opened a permanent retail store at 2410 East Pikes Peak Avenue in Colorado Springs;
3. In 1964 the county assessor declined to assess Montgomery Ward for its inventory and fixtures on the regular and usual assessment date, i.e., February 1, 1964, and on May 8, 1964, requested Montgomery Ward to furnish him with a statement of valuation of its merchandise inventory, furniture and fixtures at the new location as of April 30, 1964, all such inventory and fixtures having been brought into El Paso County from out of the state by Montgomery Ward after February 1, 1964;
4. Thereafter Montgomery Ward advised the assessor that its merchandise inventory as of April 30, 1964, was valued at $497,147 and that its furniture and fixtures as of the same date were valued at $312,885; and
5. On July 13, 1964, the county assessor of El Paso County issued to Montgomery Ward a notice of assessed value wherein it assessed Montgomery Ward’s personal property at $182,200, on the basis that said sum represented 30% of nine twelfths of the value of Montgomery Ward’s inventory, furniture and fixtures as of April 30, 1964.
We shall first consider the contention of Montgomery Ward that the assessment of its merchandise inventory is improper and unlawful. In this regard it is Montgomery Ward’s contention that C.RJS. 1963, 137-2-24 and 25 provide the exclusive manner by which merchandise inventory — as opposed to other personal property — may be assessed, and that therefore C.R.S. 1963, 137-2-3 *590 relating to the assessment of property brought into the state after the statutory assessment date has no applicability in connection with the assessment of merchandise inventory. In other words, Montgomery Ward urges that on the statutory assessment date, February 1, 1964, the county assessor should have assessed its merchandise inventory as he had customarily done in the several years immediately prior thereto, i.e., $2,000 for such merchandise, and that the county assessor had no lawful right to thereafter assess merchandise which it brought into El Paso County from out-of-state subsequent to February 1, 1964.
The Board of County Commissioners contends, however, that C.R.S. 1963, 137-2-3 concerning property brought into the state after the assessment date does govern and control the disposition of the present controversy, not just as to the assessment of merchandise inventory but of the furniture and fixtures as well. It is pointed out that C.R.S. 1963, 137-2-24 and 25 are completely silent as concerns the assessment of merchandise inventory brought into a county from out-of-state after the statutory assessment date and — that such being the case — the broad and all-inclusive language contained in C.R.S. 137-2-3 should not be watered down through unwarranted judicial interpretation.
Our examination of C.R.S. 1963, 137-2-24 and 25 convinces us that these statutes by their very terms relate to the manner in which the merchandise of a taxpayer who as of the assessment date is “engaged in the business of merchandising” should be assessed, and hence in no event could such statutes have any application to a taxpayer who subsequent to the statutory assessment date brings merchandise into the state and starts a new “business of merchandising.” In this regard the county assessor in his asssessment of both the merchandise and furniture and fixtures of Montgomery Ward first determined that Montgomery Ward’s retail store constituted a “new” business and not a mere ex *591 pansion of its mail order business as had been conducted by it prior to March 17, 1964. Such determination under the circumstances was quite proper and is not seriously challenged, Montgomery Ward’s position being that whether its retail store be regarded as a “new” business or merely an expansion of an existing business, the assessment complained of is improper.
This is apparently a case of first impression, as our attention has not been directed to any decision of this court which has construed and applied C.R.S. 1963, 137-2-3 in the light of C.R.S. 1963, 137-2-24 and 25. Careful analysis of these statutes has convinced us, however, that the county assessor did not err in his assessment of the merchandise inventory brought into the state by Montgomery Ward subsequent to February 1, 1964, and that such assessment should therefore be upheld.
C.R.S. 1963, 137-2-3 declares that “if any taxable personal property shall be brought into this state for any purpose whatsoever at any time subsequent to twelve meridian on the assessment date, the owner thereof should at once file a schedule, listing such property, with the assessor. . . .” In view of the foregoing statutory language, it would be quite improper for us to hold that merchandise inventory brought into the state after the statutory assessment date by one who was not even engaged in the “business of merchandising” on the statutory assessment date is not covered by C.R.S. 1963, 137-2-3. To so hold would constitute a rather obvious judicial whittling away at the clear and understandable language employed by the General Assembly. Stated differently, if the law in this regard is to be changed, it should be done by the legislature, and not by the judiciary.
Montgomery Ward next contends that the assessment of its merchandise inventory is improper and void for the additional reason that it is in violation of the constitutional requirement of uniformity. This same argument *592 is also advanced by Montgomery Ward in support of its further contention that the assessment of its furniture and fixtures, as well as of its merchandise inventory, is improper and void.
In this connection it is not Montgomery Ward’s position that the applicable taxing statutes, as such, offend and impinge upon the constitutional requirements of uniformity. Rather, it is Montgomery Ward’s position that the several county assessors around the state have not interpreted and enforced these particular taxing statutes in a consistent and uniform manner.
It is said that on the one hand Denver, Adams and Mesa counties do not assess either merchandise inventory or furniture and fixtures brought into the county from out-of-state after assessment date, whether the business be one in existence on the assessment date or one newly formed after assessment date. On the other hand, it is also said that the Weld, Pueblo, Jefferson and El Paso counties do assess both merchandise inventory and furniture and fixtures brought into the county from out-of-state by a business newly formed after assessment date; they do not, however, assess such property brought in after the assessment date by a business which was in existence on assessment date. Because of this lack of uniformity among the various county assessors throughout the state, Montgomery Ward claims that it is being discriminated against in the enforcement of the tax.
 In Bartlett v. Board of County Commissioners, 152 Colo. 388, 382 P.2d 193, we stated that “insofar as these customs or standards are not in conformity with the law, they must give way to the law to the end that lawful, rather than customary, assessments be made.” So in the instant case, we are not concerned with whether the actions of the county assessor or El Paso County conform to the customary practice of other county assessors around the state. What we are concerned with is whether the actions of the county assessor *593 of El Paso County as such relate to the assessment of Montgomery Ward’s merchandise inventory and furniture and fixtures are lawful. And in our view they are.
In connection with the general contention by Montgomery Ward that the assessment is not uniform inasmuch as it is being allegedly discriminated against because of the fact that other county assessors do not assess merchandise or furniture and fixtures brought into the state subsequent to the statutory assessment date by either a “new” or “existing” business and in view of the further fact that even the county assessor of El Paso County does not assess merchandise inventory or furniture and fixtures brought into El Paso County from out-of-state after the statutory assessment date by an existing business, see Liggett v. Lee, 288 U.S. 517, 77 L. Ed. 929, 53 S. Ct. 481.
In the Liggett case the Supreme Court of the United States was concerned with the Florida anti-chain store tax which imposed an occupational tax and a tax on stock-in-trade upon all retail stores. In a suit to enjoin the enforcement of this taxing statute, it was contended, among other things, that there was unequal enforcement of the statute because the tax was not being collected from the owners of stores in certain particular lines of business, such as furniture dealers. Such was claimed to be an unconstitutional discrimination as regards those store owners against whom the tax was sought to be imposed. In rejecting this argument the Supreme Court of the United States held that where the taxing officials fail and neglect to exact the tax from persons alleged to owe it, all others who are subject to the levy are not by virtue of such omission exempt therefrom.
The judgment is affirmed.